**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 2:25-CR-220 |
| v. | ) | |
| | ) | |
| DEWAYNE ROSSER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## OMNIBUS MEMORANDUM ORDER ON PRETRIAL MOTIONS

Before the Court are pretrial motions filed by Defendant.  ECF 38; ECF 42; ECF 43; ECF 44; ECF 46.  The Court issues this omnibus order resolving the motions specified below:

- **Motion to compel (ECF 38)**. The Court **DENIES** the motion as moot because the Court issued an order resolving the motion at ECF 41.

- **Motion to preserve law enforcement notes (ECF 42)**. The Court hereby **GRANTS** the motion insofar as the Court orders that the government preserve the rough notes of the federal law-enforcement officers involved in this case.  However, for any local law-enforcement officers over which the federal government has no control, the Court only orders that the government request that all local law-enforcement officers who participated in the investigation of this case retain and preserve their rough notes.

- **Motion for Discovery (*i.e.*, *Brady* and *Giglio* material) (ECF 43)**. The Court **GRANTS** the motion insofar as, consistent with Third Circuit precedent, *Brady* material must be disclosed upon discovery, while impeachment material (including *Giglio* material) must be disclosed no later than two weeks before trial, which is sufficient time for Defendant to use that material effectively. *United States v. Higgs*, 713 F.2d 39, 44 (3d

Cir. 1983) ("right to a fair trial will be fully protected if disclosure [of impeachment material] is made the day that the witness testifies"); *United States v. Fenstermaker*, No. 21-41, 2023 WL 4950499, at *2 (W.D. Pa. Aug. 3, 2023) (Cercone, J.) ("[A]ctual exculpatory evidence" should be disclosed "without undue delay[,]" but impeachment material must be disclosed "in time for its effective use at trial.").

- **Motion to Dismiss (ECF 44)**. Mr. Rosser moved to dismiss the indictment on Second Amendment grounds. Pursuant to the Court's prior order (ECF 67) granting Mr. Rosser's motion to stay (ECF 60), the Court will hold the Second Amendment issue in abeyance.

- **Motion to Dismiss (ECF 45)**. Mr. Rosser also moved to dismiss the indictment pursuant to the Speedy Trial Act, the Fifth and Sixth Amendments, and Federal Rule of Criminal Procedure 48(b). The Court **DENIES** Mr. Rosser's motion to dismiss. Having reviewed Mr. Rosser's motion (ECF 45), the government's response (ECF 49), and the relevant law, the Court concludes that, despite the delay between Mr. Rosser's indictment and his initial appearance, the delay does not cause any issues that would violate the law or otherwise require dismissal of the indictment. The delay was due to Mr. Rosser's custody status in another jurisdiction; the government attempted to writ him over but Ohio authorities apparently failed to do so; the approximately five-month delay between indictment and initial appearance caused no prejudice to Mr. Rosser. *See United States v. Claxton*, 766 F.3d 280, 296 (3d Cir. 2014) (finding that a nineteen month delay between indictment and initial appearance was justified and therefore not a due process violation where the government acted on

information available to them and attempted to locate the defendant, ultimately arresting him in Florida).

- **Motion to suppress (ECF 46)**. The Court will issue a separate order resolving Mr. Rosser's motion to suppress.

- **Jencks Act material**. The Court has no independent authority to order early disclosure of Jencks Act materials. *United States v. Moore*, No. 23-40, 2024 WL 2785075, at *3 n.2 (W.D. Pa. May 30, 2024) (Cercone, J.) ("[C]ourts lack the authority to order the early disclosure of Jencks material[.]"). However, the U.S. Attorney's Office in this District has taken the position that it will agree to early production of Jencks Act material, consistent with the Court's pretrial order. *United States v. Ramirez-Cervantes*, No. 22-226, 2023 WL 8595928, at *3 (W.D. Pa. Dec. 12, 2023) (Horan, J.) ("A court can encourage the government to provide the defense with Jencks Act materials in time to avoid unnecessary delays during trial," or the government can agree to early disclosure). Therefore, absent any objection filed by the government to this order, Jencks Act material shall, consistent with the Court's separate pretrial order, be produced no later than two weeks before trial.

- **Rule 404(b) material**. As part of the pre-trial order, the Court will order that Rule 404(b) material be disclosed by July 7, 2026, which is over a month before trial. *United States v. Addison*, No. 2:23-CR-118, 2024 WL 4278289, at *10 (W.D. Pa. Sept. 24, 2024) (Ranjan, J.) ("Disclosure of [Rule 404(b)] materials two weeks before trial generally amounts to reasonable notice of the government's intent to use this kind of evidence.").

*********************

-4-

DATE:  June 30, 2026

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge